In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James R. HUGHES, Attorney at Law.†

Supreme Court

*No. 82–1933–D. Filed February 15, 1983.*
(Also reported in 329 N.W.2d 921.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

On October 20, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging seven counts of unprofessional conduct against James R. Hughes, an attorney admitted to practice in Wisconsin in 1948 and who practices at Plymouth, as follows:

1. A woman retained the respondent to commence probate of her deceased son's estate. The client turned over to the respondent assets belonging to her son in the amount of approximately $15,000 and the check in the amount of $2,000 which she had received from an insurance company in payment of a worker's compensation claim and which she had endorsed. The respondent negotiated the draft but told the client that the claim was taken care of and that she would receive nothing. The respondent neglected to commence a probate proceeding, in violation of SCR 20.32(3), failed to account for his client's funds and failed to promptly deliver client funds and property in his possession to the client, in violation of SCR 20.50(2)(b) and (d). The respondent also misappropriated funds belonging to the estate of the decedent for his own use.

---

† Motion for reconsideration denied on March 8, 1983. HEFFERNAN, J., took no part.

2. The respondent failed to respond to six letter inquiries from the Board regarding the matter in 1., above, in violation of SCR 22.07 (2).

3. The respondent was retained in April of 1978 to represent clients in a personal injury matter. In response to numerous contacts from the clients, the respondent told them that he was taking care of the matter. The respondent filed a complaint in the matter on April 21, 1981, naming Sheboygan county and an insurer as defendants. The insurer was never served with either the summons or the complaint in the action, and Sheboygan county was served with a copy of the summons and complaint on June 22, 1981. The defendant county successfully moved for dismissal of the action for failure to effectuate service within the requisite time period, and the respondent failed to attend the hearing on the motion. The respondent thereby violated SCR 20.32 (3) and 20.35 (1) (b) by neglecting a legal matter and by failing to carry out his contract of employment.

4. The respondent failed to respond to two letter inquiries from the Board regarding the matter in 3., above, in violation of SCR 22.07 (2).

5. The respondent neglected six probate matters in which he appeared as attorney of record, the earliest of which was commenced in 1974, in violation of SCR 20.32 (3) and failed to carry out his contract of employment in those matters, in violation of SCR 20.35 (1) (b).

6. In a personal injury action in which he represented the plaintiff, the respondent claimed not to know that the matter was scheduled for trial on a specified date, despite the fact that he was in attendance at the pretrial conference in the matter during which the trial date was set. In a divorce matter in which the respondent represented the defendant, the respondent was dilatory in furnishing information concerning his client's pension plan to opposing counsel and also in furnishing a written

statement setting forth his client's position, as required by the court. In these matters the respondent violated SCR 20.32(3) and 20.35(1)(b).

7. The respondent did not respond to two letter requests from the Board for information regarding the matter set forth in 5. and 6., above, in violation of SCR 22.07(2).

We referred the matter to the Hon. Robert P. Harland as referee, pursuant to SCR 21.09(4). When the respondent did not file an answer or other responsive pleading to the complaint within the required time, the Board, on November 29, 1982, moved for the summary suspension of the respondent's license on the ground that he failed to answer or otherwise plead in the matter, despite the order to answer served on him with the complaint and the order of the referee made at the scheduling conference held on November 16, 1982, at which the respondent was present.

The referee filed his report with the court on January 13, 1983, in which he stated that the respondent failed to file an answer to the disciplinary complaint as of the date of the report. He also stated that the Board's motion for summary suspension was made returnable on December 21, 1982, and that on the day preceding the return date the respondent represented to the referee by telephone that he was in need of surgery, that surgery was scheduled for the day following the return date and that therefore the respondent would be unable to respond to the motion unless it were adjourned to January 5, 1983. The referee adjourned the hearing on the motion to that date, but the respondent failed to appear.

The referee made findings of fact consistent with the allegations of the complaint and concluded that the respondent had violated the provisions of the Code of Professional Responsibility, SCR chapter 20, as alleged in the complaint. The referee recommended that the re-

spondent's license to practice law in Wisconsin be revoked forthwith.

We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that the license of James R. Hughes to practice law in Wisconsin is revoked effective the date of this order.

It is further ordered that James R. Hughes pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of this disciplinary proceeding in the amount of $737.48.

HEFFERNAN, J., took no part.